ROMAN CATHOLIC BISHOP OF PORTLAND *vs.* JOHN YENCHO.

Androscoggin.     Opinion August 28, 1925.

*A refusal by the Roman Catholic church to permit the interment of a body of a person, who, at the time of death, was not within the communion of the church, in one of its privately owned cemeteries of consecrated soil, may be enforced, where the written interment permit issued by the church contains a condition that no body of a person shall be interred therein not entitled to burial in consecrated ground, without the consent of the Bishop of the diocese.*

In the instant case, whether the girl was of the Roman Catholic faith when she died, must be held to be for ecclesiastical determination, since but the church has the power to hear and decide it.

On report. A bill in equity seeking an injunction to prevent the burial of the body of a girl in the Roman Catholic Cemetery of Mount Calvary Cemetery at Lisbon Falls. A restraining order was issued and upon hearing for a temporary injunction by agreement the cause was reported to the Law Court. The respondent claimed the right to inter the remains of his daughter in the cemetery under a written permit issued by The Roman Catholic Bishop of Portland, a corporation sole, owner of the title to the cemetery, but complainant contended that such permit was subject to certain conditions, restrictions and limitations, one of which was that the remains of a person, who, at the time of his death, was not within the communion of the Roman Catholic church, were not entitled to burial in such consecrated ground, without the consent of the Bishop of the diocese. Injunction to issue below in accordance with stipulation under which the bill there sustained came to the Law Court. Decree accordingly.

The case appears in the opinion.

*James H. Carroll*, for complainant.

*Frank A. Morey*, for respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

DUNN, J. On report. Bill to prohibit the use of burial easement in a privately owned cemetery affiliated with a church organization.

Unless the consent otherwise of the licenser be had, John Yencho's right of sepulture in the Lisbon cemetery, which the corporation sole of the Roman Catholic Bishop of Portland owns, is limited to those designated persons who at the time of their death are entitled to burial in the particular ground that religious rites and ceremonies have set apart and given what is believed to be spiritual harmony and reverence.

One inquiry only is up. It is whether Mr. Yencho shall be enjoined from burying, in the plot where others of that family lie, the body of his child latest to die. This child as the plaintiff maintains, did not die within the communion of the Roman Catholic church, and therefore is ineligible under the outstanding permit to interment in consecrated soil.

The plaintiff has the title and charge of the property and requirements of the Roman Catholic church in the diocesan of Portland. Until within recent time, Yencho and during life this now dead daughter of his, were communicants of the church in the parish at Lisbon. Testimony tends to show that the Yenchos and certain other Slavic people are seceders from the Roman Catholic religion. Mr. Yencho contends with insistence that on the part of none is there change in concept of the science of duty to God and our fellows, but merely in the place of paying vows or devotions, and such for reasons essentially racial and linguistic, the change being to the house of worship in Lisbon, that they of the same stock have erected and supply with a priest of their own. But the record wanders afield. What may have motivated this suit is of unconcern litigiously.

The rights of these parties differ radically from the exclusive and irrevocable privilege, it was held that a licensee from a town had to bury his dead so long as a cemetery should be used. *Gowen* v. *Bessey*, 94 Maine, 114. In that case there was absence of any contractual limitation. In the instant case restriction is obvious in the very evidence of the original agreement. The condition there nominated is demanded. And it is not for this judiciary to reason why. The question arising under the qualification annexed to the

license, whether the girl was of the Roman Catholic faith when she died, must be held to be for ecclesiastical determination, since but the church has the power to hear and decide it. *McGuire* v. *St. Patrick's Cathedral*, 7 N. Y. S., 345; *Dwenger* v. *Geary*, (Ind.), 14 N. E., 903. See too *St. John's Church* v. *Hanns*, 31 Pa. St., 9.

Injunction will issue below in accordance with the stipulation under which the bill there sustained came here.

*Decree accordingly.*